UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ALBERT JEFFRIES, | ) |
| Plaintiff, | ) |
| vs. | ) No: 1:20-cv-00223-JRG-CHS |
| YANFENG US AUTOMOTIVE INTERIOR SYSTEMS I LLC, | ) |
| Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), the parties respectfully move the Court for an order approving a settlement of Plaintiff's FLSA claims. As explained below, the proposed settlement includes payment of 100% of Plaintiff's alleged overtime back pay and regular back pay; liquidated damages in an amount equal to his alleged overtime back; and statutory attorney's fees and costs.

Plaintiff was employed by Defendant at its Chattanooga facility from May of 2016 until August of 2019. Plaintiff was employed as a crib attendant and was paid an hourly wage for his work. Plaintiff alleges that he worked overtime hours for which he was not compensated in violation of Section 207(a)(1) of the FLSA, and he also alleges that he worked uncompensated regular hours. Defendant denies Plaintiff's allegations.

Based on a review of his time and pay records, Plaintiff's counsel has calculated that Plaintiff is owed a total of $523.42 in overtime back pay and $122.07 in regular back pay. Although Defendant denies liability, it has agreed to resolve Plaintiff's claims by paying the full

amount of his alleged overtime back pay totaling $523.42, plus liquidated damages totaling $523.42. See, 29 U.S.C. § 216(b). In addition, Defendant will pay Plaintiff the full amount of his alleged regular back pay totaling $122.07. Finally, Defendant will separately pay Plaintiff's statutory attorney's fees in the amount of $4,005.00 and costs in the amount of $435.00. Id.

Accordingly, Plaintiff will receive the full benefits to which he alleges he is entitled pursuant to the FLSA. Id. A district court may approve a settlement after determining that it is fair and reasonable. See, e.g., Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1353-54 (11th Cir. 1982). Because Plaintiff will receive full benefits, there is no question that the settlement is fair and reasonable. See, e.g., Hanks v. Racetrack Petroleum, Inc., 2011 WL 4408242, at *2 (M.D. Fla. Sept. 9, 2011) ("Full recompense is *per se* fair and reasonable.").

For the foregoing reasons, the parties respectfully move the Court for an order approving the proposed settlement, and have attached a proposed Order to this motion.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (TN 013839)
4525 Harding Road
Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff

/s/ C. Eric Stevens
C. Eric Stevens (TN 010632)
Littler Mendelson P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
(615) 383-3316
(615) 691-7807 (facsimile)
estevens@littler.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2020, a true and correct copy of the foregoing was served via the Court's electronic filing system on C. Eric Stevens, Littler Mendelson P.C., 333 Commerce Street, Suite 1450, Nashville, TN 37201.

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr